NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued January 9, 2007
Decided September 26, 2007

Before

Hon.  WILLIAM J. BAUER, *Circuit Judge*

Hon.  KENNETH F. RIPPLE, *Circuit Judge*

Hon.  TERENCE T. EVANS, *Circuit Judge*

Nos. 04-2055, 05-2824

| | |
|---|---|
| AHMAD AL-MARBU, | Petition for Review of Orders of the Board of Immigration Appeals. |
| Petitioner, | |
| v. | No. A79-546-194 |
| PETER D. KEISLER, Acting Attorney General of the United States, | |
| Respondent. | |

O R D E R

An Immigration Judge ("IJ") determined that Ahmad Al-Marbu was removable and, on November 19, 2002, ordered that he voluntarily depart the United States within 110 days or face removal.  Mr. Al-Marbu appealed that decision to the Board of Immigration Appeals ("BIA" or "Board"), which affirmed the IJ's order without opinion on March 24, 2004.  Mr. Al-Marbu then filed a motion to reopen the Board's decision.

The Board denied that motion on May 24, 2005. Mr. Al-Marbu timely petitioned for review of each of the Board's orders, and we have consolidated them for our review.[1] For the reasons set forth in this order, we deny the petition.

# I

# BACKGROUND

Mr. Al-Marbu is a native and citizen of Jordan who entered the United States as a non-immigrant visitor in December 2000, with permission to remain until June 7, 2001.

In May 2001, he married United States citizen Brenda Freeman[2] and, on June 26, 2001, she filed an immediate relative petition (I-130) on his behalf. For reasons not made clear by the record, on October 2, 2001, Ms. Freeman signed a fill-in-the-blank form letter to the immigration authorities indicating her intent to withdraw that petition; the same day, Mr. Al-Marbu was placed in removal proceedings and charged with overstaying his visitor's visa.

Appearing before the IJ on April 2, 2002, and apparently having reconciled with his wife, Mr. Al-Marbu denied removability. He asserted that, prior to his marriage, he had filed to change his status from visitor to student and that research of immigration records would reveal that he was in a valid non-immigrant status and had not overstayed; on questioning by the immigration trial attorney, however, he admitted that he had never received any approval of the change of status. At the request of the Department of Homeland Security ("DHS"),[3] the IJ determined that Mr. Al-Marbu was

---

[1] For purposes of this order, we shall refer to the Certified Administrative Record in case No. 04-2055 (relating to the March 24, 2004 BIA decision) as A.R.I. We shall refer to the record in No. 05-2824 (relating to the May 24, 2005 decision denying the motion to reopen the Board's earlier decision) as A.R.II.

[2] Ms. Freeman used the name Brenda Al-Marbu while married, but for ease of reading, we shall continue to refer to her by her maiden name.

[3] At these early stages of Mr. Al-Marbu's immigration history, his proceedings involved the Immigration and Naturalization Service ("INS"). On March 1, 2003, the relevant functions of the INS were transferred to the Department of Homeland Security ("DHS") and divided among the United States Citizenship and Immigration Service ("USCIS") and other departments within DHS. *See* Homeland Security Act of 2002,

(continued...)

removable. *See* A.R.I at 207. Mr. Al-Marbu then stated that he would be seeking relief from removal in the form of adjustment of status; his claimed eligibility for adjustment was based on a subsequent amended petition by Ms. Freeman apparently filed on Mr. Al-Marbu's behalf in November 2001. To allow adjudication of this pending petition, the IJ continued the proceedings, without objection from DHS counsel, to November 19, 2002. *See* A.R.I at 209.

On October 2, 2002, Mr. Al-Marbu and Ms. Freeman divorced. On November 7, 2002, Mr. Al-Marbu married his current wife, Ayan Mohamed. Ms. Mohamed was then a lawful permanent resident of the United States. On November 12, 2002, Ms. Mohamed filed a new I-130 petition for Mr. Al-Marbu. On that same date, Mr. Al-Marbu filed a written motion for a continuance of his next scheduled hearing before the IJ, then less than one week away, so that he could await the Service's adjudication of his *new* pending I-130.

Without a prior ruling on the motion, Mr. Al-Marbu appeared before the IJ as scheduled on November 19, 2002. The IJ denied Mr. Al-Marbu's request for a continuance and, in an oral decision, again found him removable. Specifically, the IJ found that Mr. Al-Marbu's primary basis for the requested continuance, that he was the beneficiary of a *pending* I-130 petition filed by his second wife, was not sufficient under BIA precedent to warrant a continuance. Having denied the continuance, the IJ found that the only relief for which Mr. Al-Marbu was eligible was voluntary departure, which he granted for a period of 110 days. *Id.* at 192-94. He also entered an alternate order of removal to Jordan. *Id.* at 194.

Mr. Al-Marbu appealed this order to the BIA. While his appeal was pending, he and his wife had a son, and, in November 2003, his wife became a United States citizen.[4] In February 2004, Ms. Mohamed filed a new visa petition for Mr. Al-Marbu based on his newly-acquired status as an immediate relative of a citizen.

One month later, on March 24, 2004, the BIA affirmed the IJ's November 2002 removal order without opinion and dismissed Mr. Al-Marbu's appeal. At that time, Mr.

---

[3](...continued)
Pub. L. No. 107-296, 116 Stat. 2135. For ease of reading, we shall refer collectively to the benefits-granting divisions of these agencies as the "Service" and the prosecutorial divisions as DHS.

[4]    Ms. Mohamed naturalized under the name of "Fartun Husen Hassan," and her final petition for Mr. Al-Marbu was filed in that name. A.R.II at 124. We shall refer to her as Ms. Mohamed, in order to conform to references to her throughout the administrative record.

Al-Marbu was granted an additional 30-day period in which to depart the United States. He filed with the Board an unsuccessful motion to reconsider its March 24th decision and simultaneously petitioned for review of the Board's March 24th order in this court. He also filed a separate motion for a stay of removal, which this court granted in December 2004.

On December 10, 2004, Ms. Mohamed's immediate relative petition for her husband was approved by the Service.

In April 2005, Mr. Al-Marbu also filed a motion to reopen the Board's March 24, 2004 order affirming the November 2002 order of the IJ. A.R.II at 98-106. He based his motion on new evidence, namely, that he was now the beneficiary of an *approved* immediate relative petition. On May 24, 2005, the Board denied his motion to reopen, citing the regulation that motions to reopen must be filed within 90 days of the final administrative order sought to be reopened. A.R.II at 82 (citing 8 C.F.R. § 1003.2(c)(2)). The order stated that there was no basis for excusing the delay under the circumstances. The Board went on to note, however, that Mr. Al-Marbu was ineligible for adjustment of status, in any event, because he had failed to depart during his authorized period of voluntary departure and was therefore subject to statutory penalties. *See id.* (citing 8 U.S.C. § 1229c(d)). The Board concluded that the stay of removal that Mr. Al-Marbu had obtained from this court did not toll the voluntary departure period or otherwise exempt him from these penalties. Mr. Al-Marbu filed his second petition for review in this court, now challenging the May 24, 2005 order of the Board denying his motion to reopen.

Mr. Al-Marbu also filed a new motion to reconsider with the Board, this time regarding the May 24, 2005 denial of his motion to reopen. He claimed that his case should be reopened to allow adjustment of status, or, in the alternative, to allow him to pursue an "S" visa in connection with his assistance to law enforcement in the investigation of a counterfeiting scheme. *See* A.R.II at 19; 8 U.S.C. § 1101(a)(15)(S)(i) (defining the non-immigrant visa category "S" to include certain aliens whom the Attorney General has determined are critical to the investigation or prosecution of a criminal enterprise). This motion to reconsider also was denied on August 3, 2005.

## II

### DISCUSSION

Mr. Al-Marbu has petitioned for review of the Board's March 24, 2004 affirmance of Mr. Al-Marbu's removal order and its May 24, 2005 order denying his motion to reopen the Board's March 24, 2004 decision. He contends principally that the IJ erred in denying his November 2002 request for a continuance in order to allow

him to pursue adjustment of status through his marriage to Ms. Mohamed or to verify his lawful status under a student visa.  Mr. Al-Marbu also makes a variety of due process claims relating to the conduct of his hearing, as well as claims of an entitlement to equitable tolling of his voluntary departure grant and to a request for relief in the form of an "S" visa, *see* 8 U.S.C. § 1101(a)(15)(S).

We address first Mr. Al-Marbu's primary contention in this appeal:  that the IJ's order was premised on an erroneous denial of his motion for a continuance.  We have no jurisdiction to review the IJ's decision to deny a continuance under the circumstances of Mr. Al-Marbu's case.  *See Ali v. Gonzales*, __ F.3d __, Nos. 06-3240 & 06-3879, 2007 WL 2684825 (7th Cir. Sept. 14, 2007).

We also agree with the Attorney General that we are without jurisdiction to consider Mr. Al-Marbu's additional request for relief in the form of an "S" visa.  *See* 8 U.S.C. §§ 1101(a)(15)(S), 1252(a)(1); *Fonseca-Sanchez v. Gonzales*, 484 F.3d 439, 443 (7th Cir. 2007) (noting that this court's jurisdiction is limited to the review of final orders of removal and matters decided by the immigration courts "in the course of removal proceedings").

Finally, we have examined the other matters that Mr. Al-Marbu has raised in his brief and have determined that they are without merit.  We note specifically that his motion to reopen was untimely filed and the record contains no justification for invoking the doctrine of equitable estoppel.

For the reasons stated in this order, we deny Mr. Al-Marbu's petition for review.

PETITION FOR REVIEW DENIED